E-FILED
Thursday, 30 November, 2006  02:20:28 PM
 Clerk, U.S. District Court, ILCD

# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

SAMUEL N. ROBINSON,

**CRIMINAL COMPLAINT**

CASE NUMBER: 06-M- 7236

FILED
NOV 3 0 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __October 12 & 19, 2006__ in __Champaign__ county, in the __Central__ District of __Illinois__ defendant(s) did:

knowingly distribute more than five grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance,

in violation of Title __21__ United States Code, Section(s) __841__

I further state that I am a(n) __Special Agent, DEA__ and that this complaint is based on the following facts:
Official Title

See attached affidavit

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

s/ Glenn Haas
_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__November 30, 2006__    at __Urbana, Illinois__
Date                                                                         City and State

David G. Bernthal
U.S. Magistrate Judge
_____
Name & Title of Judicial Officer

s/ David G. Bernthal
_____
Signature of Judicial Officer

# AFFIDAVIT

I, GLENN HAAS, being first duly sworn on oath, depose and state as follows:

1.  I am a Special Agent of the Drug Enforcement Administration, and have been so employed since August 1996. I am presently assigned to the Springfield, Illinois Resident Office. Prior to working for the Drug Enforcement Administration, I served for approximately ten years as a law enforcement officer with the Illinois State Police and the St. Clair County, Illinois Sheriff's Department. During that time I served as a detective in the narcotics field for approximately three years. I have personally conducted and/or assisted in numerous investigations of criminal violations involving controlled substances.

2.  As a Special Agent with DEA, I have received extensive training in investigating violations of federal narcotics statutes, including those regarding the distribution of cocaine base ("crack"). I have also conducted and participated in numerous investigations involving the detection and investigation of drug trafficking violations, including distribution of controlled substances, conspiracy to distribute controlled substances, and the use of communication facilities such as telephones, digital pagers, and other like facilities that are commonly used to facilitate drug trafficking violations. I have had numerous conversations with drug traffickers concerning their methods of operation in the course of investigative interviews, and have listened to numerous tape-recorded conversations between informants and drug traffickers in which their methods of operation were discussed or revealed. I am currently assigned to the investigation of drug trafficking activity in Central Illinois,

including in Champaign County, Illinois.

3. This affidavit is made in support of a criminal complaint and arrest warrant charging SAMUEL N. ROBINSON (DOB: 9/12/1975) with distribution of more than five grams of cocaine base ("crack") in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(B)(iii).

4. The statements contained in this affidavit are based in part on my own personal observations, information provided by other DEA agents and other law enforcement officers, on information provided by other witnesses, and on my experience and background as a Special Agent with DEA. The information contained in this affidavit is not an exhaustive account of everything I know about this case. Rather, it is only the facts that I believe are necessary to establish probable cause to believe that ROBINSON distributed more than five grams of cocaine base ("crack") in violation of Title 21, United States Code, Section 841(a)(1).

5. In October of 2006, I met with an Urbana Police confidential informant (CI) in reference to a crack cocaine distributor operating in the Champaign-Urbana, Illinois area. The CI had previously been arrested by the Urbana Police Department while in possession of cocaine and was assisting law enforcement officers in hopes of receiving favorable treatment regarding the potential criminal charges. The CI had purchased crack cocaine on several occasions for the Urbana Police Department and had been shown to be reliable. The CI told me that ROBINSON was selling crack cocaine in amounts ranging from grams to ounces. The Urbana Police Department had identified ROBINSON'S address to be          , Champaign, Illinois. A

registration check on one of ROBINSON'S vehicles returned to Samuel ROBINSON, Champaign, Illinois.

6.  On October 12, 2006, the CI agreed to purchase a $500 quantity of crack cocaine from ROBINSON. In my presence, the CI called ROBINSON and placed a $500 crack cocaine order. Law enforcement agents searched the CI and did not find any contraband, including crack cocaine, or currency. The CI was given $500 pre-recorded currency. A short time later, I observed ROBINSON meet with the CI at a pre-arranged location in Champaign-Urbana, in the Central District of Illinois. ROBINSON met with the CI and placed eleven small bags of crack cocaine on a scale; the crack cocaine weighed approximately 12 grams and was packaged in baggie corners. The CI then gave ROBINSON the $500 pre-recorded currency. Via a hidden video transmitter, I observed ROBINSON place the crack cocaine on the scale. After ROBINSON left, law enforcement agents took custody of the crack cocaine. The substance delivered by ROBINSON was a hard, off-white rock-like substance that was the crack form of cocaine base, based on my training and experience. The crack cocaine delivered by ROBINSON was later analyzed by the DEA North Central Laboratory. The analysis determined that the substance was 11.0 grams of cocaine base ("crack") and 95% pure.

7.  On October 19, 2006, the CI agreed to purchase a $1000 quantity of crack cocaine from ROBINSON. The CI arranged the purchase with ROBINSON. Agents searched the CI and no contraband, including crack cocaine, or currency was found. The CI was given $1000 pre-recorded currency. A short time later, ROBINSON met with the CI at a pre-arranged location in Champaign-Urbana in the Central District of

Illinois. The CI provided ROBINSON with the $1000 pre-recorded currency. ROBINSON left the location and returned a short time later; he provided the CI with a bag containing approximately 23 grams of crack cocaine. Agents observed the transaction via a hidden video transmitter and recorded the transaction. I have reviewed the video recording of the drug transaction, and it shows ROBINSON delivering the crack cocaine to the CI. After ROBINSON left, I took possession of the crack cocaine. The substance delivered by ROBINSON was a hard, off-white, rock-like substance that was the crack form of cocaine base, based on my training and experience. The crack cocaine was later analyzed by the DEA North Central Laboratory. The analysis determined that purchased substance was grams of 23.7 grams of cocaine base ("crack") and 90% pure.

8.  On November 29, 2006 DEA Task Force Agent Jack Turner went to ROBINSON's residence at                    . Champaign, Illinois. TFA Turner observed a pile of trash bags setting on the curb in front of the residence. At one point, TFA Turner observed an unknown female exit the residence,              , Champaign, Illinois and place another bag of trash with the bags setting in front of the residence. TFA recovered the trash from the curb. The trash was examined by TFA Turner who located several pieces of mail addressed to ROBINSON at              , Champaign, Illinois. Also, located in the trash were a large number of plastic bags with the corners torn off; the missing baggie corners were consistent with the packaging of the crack cocaine ROBINSON delivered to the CI on October 12, 2006. TFA Turner observed that some of the bags contained a white residue. TFA Turner field tested a portion of the bag with

residue, and the field test showed positive for cocaine.

9.   On November 29, 2006, around 8:30 p.m., DEA agents and officers of the Urbana and Champaign Police Departments executed a federal search warrant at ROBINSON'S residence at \_\_\_\_ \_\_\_\_, Champaign, Illinois. During the search, agents located various items, including a digital scale, approximately $3,681 in U.S. Currency, and 46.8 grams of marijuana. Agents arrested ROBINSON who was present when they executed the search warrant. I advised ROBINSON of his constitutional rights, known as the Miranda warnings. ROBINSON indicated that he understood his rights. I informed ROBINSON that we had previously purchased crack cocaine, and asked if he would like to cooperate with law enforcement officers. ROBINSON did not deny selling crack cocaine, but told me, in effect, that if agents had evidence against him, he would do his time in jail, but he would not be a "snitch."

Further affiant sayeth not.

s/ Glenn Haas
_____
GLENN HAAS
Special Agent,
Drug Enforcement Administration
Springfield, Illinois

Subscribed and sworn to before me this \_30TH\_ day of November, 2006.

s/ David G. Bernthal
_____
DAVID G. BERNTHAL,
United States Magistrate Judge